### FLORENCE v. SMITH.   (No. 2499.)

(Court of Civil Appeals of Texas.   Texarkana. May 4, 1922.)

Witnesses ⟨⟩275(2)—Evidence on cross-examination that landlord had taken note from his tenants for supplies furnished them held admissible in action on his alleged guaranty.

In an action on an open account, the most of the items of which were for supplies furnished to defendant's tenants, where plaintiff testified defendant promised to pay for such supplies, and defendant denied the promise, cross-examination of defendant as to whether he had taken a note from his tenants for the amount of the supplies furnished and whether they owed him any debt except for the supplies furnished by plaintiff was proper.

Appeal from Upshur County Court; J. R. Melvin, Judge.

Action by W. E. Florence against J. M. Smith on an open account.   Judgment for defendant, and plaintiff appeals.   Reversed and remanded.

Florence, Florence & McClelland, of Gilmer, for appellant.

Aldridge & Davis, of Gilmer, for appellee.

HODGES, J.   The appellant, Florence, sued the appellee, J. M. Smith, upon an open account aggregating $252.30.   It was alleged that most of the items constituting the account were for goods delivered to Jess Cannon and Dick Smith, tenants upon the farm of the appellee.   It was also alleged that the goods were delivered to the tenants at the request of the appellee and upon his express promise to pay for them.   These averments were denied, and in the trial which followed there was a direct conflict between the testimony of the appellee and that of the appellant, Florence.   The latter swore to an express agreement on the part of Smith to pay for the goods delivered to his tenants, while Smith swore equally as positively that no such agreement had ever been entered into. On cross-examination the appellee was interrogated concerning a note for the exact amount of this debt which he held against Cannon.   He was asked the following question:

"Isn't it a fact that you did contract with Mack Florence to let Jess Cannon and Dick Smith have stuff and charge to you, and that in the fall, after you got the statement from Mack that you say you got through the mail, didn't you make Jess Cannon give you a note for $252.30 with a mortgage on his mules, wagon, and cattle, and wasn't that note taken by you to cover the amount of the account that you stood for at Mack Florence's?"

He was asked the further question:

"Did Jess Cannon ever owe you $252.30 for anything except the amount of the debt that M. C. Florence has charged against you?"

Both of these questions were objected to upon the ground that the answers sought were immaterial and irrelevant, and that objections were sustained.   In the bill of exceptions it is stated that, if the witness had been permitted to answer, he would have said that the note and mortgage taken by him were to protect him from any loss by reason of the account sued upon by plaintiff having been charged against him; and to the second question he would have answered that Jess Cannon never did owe him $252.30 for anything except the debt of M. C. Florence, which was the basis of the plaintiff's cause of action.   The record further shows that the appellee on cross-examination was asked this question:

"Isn't it a fact that the note sued on by you in the case of J. M. Smith v. Jess Cannon, in cause No. 1333 in this court, was based upon the note taken by you from Jess Cannon to protect yourself against the account that is now being sued upon?"

This question was objected to and sustained upon the ground previously stated. The bill of exceptions states that, had the witness been permitted, he would have answered, in substance, that the note sued upon by him in the cause referred to was given to him by Jess Cannon, and that the basis or consideration for same was the account sued upon by the plaintiff in this cause. While the witness Jess Cannon was on the stand, he was asked the following question:

"State whether or not you gave Smith a note and mortgage for $252.30 to cover this account of Mack Florence."

Also the following:

"Did you ever owe Mr. Smith any amount except for the stuff you got at Mack Florence's that was charged against him?"

The bill of exceptions states that, had he been permitted to do so, witness would have answered to the first question that when he got ready to move from the defendant's farm the defendant, Smith, told him that he owed him, Smith, $252.30 for the stuff that he had gotten at Mack Florence's, and that the defendant made witness give to him a note for that amount, secured by a mortgage on two mules, a wagon, and cows.   To the second question the witness would have answered that he did not owe J. M. Smith (appellee) anything except for the merchandise that he got at Mack Florence's during the year 1919 that was charged against the defendant, and that was the only consideration for the exe-

cution and delivery by witness to defendant of the note and mortgage which was the basis of the cause of action in cause No. 1333, styled J. M. Smith v. Jess Cannon. The refusal of the court to permit the answers to the foregoing interrogatories constitutes the basis of the assignments of error on this appeal.

The questions propounded to the appellee on cross-examination were proper, and the objections made should have been overruled. The testimony sought to be elicited from the witness Jess Cannon was relevant, and the objections made should have been overruled.

The judgment will therefore be reversed, and the cause remanded for a new trial.